Case 6:20-cv-00021 Document 20 Filed on 02/17/21 in TXSD Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
February 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JIMMIE RAY HAIRELL, JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:20-CV-21 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiff Jimmie Ray Hairell Jr. brought this action on December 30, 2019, seeking review of the Commissioner's final decision determining he was not disabled. (D.E. 1; Case No. 6:19-mc-5). On December 2, 2020, Plaintiff filed a Motion for Summary Judgment with a Brief in Support of Claim. (D.E. 16 and D.E. 17). On January 8, 2021, Defendant filed a Cross Motion for Summary Judgment. (D.E. 19). For the reasons below, the undersigned **RECOMMENDS** the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal standards when making her findings. Accordingly, the undersigned **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED**, the Commissioner's Motion for Summary Judgment be **GRANTED**, the Commissioner's determination be **AFFIRMED**, and this case be **DISMISSED with prejudice**.

**I.      JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 405(g) and this case has been referred to the undersigned United States Magistrate Judge for case management pursuant to 28 U.S.C. § 636.

**II.     ISSUES PRESENTED**

Plaintiff contends the ALJ failed to properly evaluate the opinions of Dr. Susan Frensley, a consultative psychological examiner, and Drs. Robin Rosenstock and Dorothy Leong, consultative medical examiners, when determining Plaintiff's Residual Functional Capacity ("RFC").

**III.    STANDARD OF REVIEW**

Judicial review of the Commissioner's decision regarding a claimant's entitlement to benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The burden has been described as more than a scintilla but lower than a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted). A finding of "no substantial evidence" occurs "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citations omitted).

In applying the substantial evidence standard, the Court scrutinizes the record to determine whether such evidence is present. However, the Court does not reweigh the evidence, try the issues de novo or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citations omitted); *Carey*, 230 F.3d at 135 ("Conflicts in the evidence are for the Commissioner to resolve.") (citation omitted). It is incumbent upon the Court to look at the evidence as a whole and take into account the following factors: (1) objective medical evidence or clinical findings; (2) diagnosis of any examining physician; (3) subjective evidence of pain and disability and (4) the claimant's age, education and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citation omitted).

In evaluating a disability claim, the Commissioner follows a five-step process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995) (citations omitted). The claimant bears the burden of proof on the first four steps with the burden shifting to the Commissioner at the fifth step who must show that, in light of claimant's RFC, claimant can perform other substantial work in the national economy. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

## IV. BACKGROUND

Plaintiff filed an application for disability insurance benefits on April 22, 2015 and for supplemental security income benefits on March 27, 2017, alleging disability as of October 15, 2011, due to diabetes, hepatic encephalopathy, back injury, depression, neuropathy, transportation dependent, 24-hour medical care, inability to prepare meals, need for medication reminders and an inability to wash dishes or clothes and perform household duties. (D.E. 12-4, Pages 2-3; D.E. 12-6, Pages 4-7 and 15-20; and D.E. 12-7, Pages 2, 6 and 35). Plaintiff's applications were denied administratively. (D.E. 12-4, Pages 17 and 34-36). At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on February 11, 2019, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (D.E. 12-3, Pages 36-78). Plaintiff was 45 years old on his alleged onset date and 52 years old at the hearing. (D.E. 12-4, Page 2). The ALJ, Jessica Hodgson, issued an unfavorable decision on May 1, 2019, finding Plaintiff not disabled through the date of the decision. (D.E. 12-3, Pages 11-29).

The Appeals Council declined Plaintiff's request for review on October 28, 2019, making the ALJ's May 1, 2019 decision final. (D.E. 12-3, Pages 2-4). Plaintiff then filed this action on December 30, 2019, seeking review of the Commissioner's final decision. (Case No. 6:19-mc-5, D.E. 1).

## V. THE ALJ'S DECISION

In her May 1, 2019 decision, the ALJ determined Plaintiff had not been under a disability through the date of the decision. (D.E. 12-3, Pages 11-29). The ALJ found Plaintiff met the insured status requirements through December 31, 2016 and had not

engaged in substantial gainful activity since October 15, 2011, the alleged onset date. (D.E. 12-2, Page 14).[1] The ALJ further found Plaintiff had multiple severe and non-severe impairments but no impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (D.E. 12-3, Pages 14-15). As a result, the ALJ determined Plaintiff had the RFC to perform a modified range of light work. (D.E. 12-3, Page 18). In relevant part, the ALJ found Plaintiff is able to walk and stand for six hours out of an eight hour workday but needs to have the option to alternate to sitting for five minutes after every thirty minutes of standing and/or walking. (D.E. 12-3, Page 18). She further determined Plaintiff is able to perform simple, routine and repetitive tasks but not at a production rate pace (i.e. assembly line work) and is also able to make simple work-related decisions. (D.E. 12-3, Page 18). The ALJ determined Plaintiff was unable to perform any past relevant work[2] but that considering Plaintiff's age, education, work experience and RFC, he was capable of performing work as a counter clerk, in-house investigator and school bus monitor. (D.E. 12-3, Pages 27-28). Therefore, the ALJ concluded Plaintiff was not disabled from October 15, 2011, the alleged onset date through May 1, 2019, the date of the decision. (D.E. 12-3, Pages 28-29).

---

[1] The ALJ found Plaintiff had been "doing some ranching and selling some cows, for which there is no evidence of any earnings." (D.E. 12-3, Page 14).
[2] Petitioner has a high school degree and past relevant work as a counselor intern, laborer and counselor at a chemical dependency treatment program. (D.E. 12-7, Page 33 and D.E. 12-13, Page 5).

In reaching this decision, the ALJ considered the opinion of Dr. Susan Frensley. (D.E. 12-3, Page 16). Dr. Frensley performed a consultative psychological examination of Plaintiff on January 11, 2016, concluding:

Mr. Hairell meets the criteria for Major Depressive Order, recurrent, severe. He reports cognitive symptoms of concern, although none were blatantly obvious on the current mental status screen. Nevertheless, there are several risk factors (e.g. hepatic encephalopathy, history of strokes and seizures, and history of alcohol and drug abuse). Thus, it is possible that there is a neurocognitive disorder. The extent of cognitive impairment is not known as no standardized tests were administered. Prognosis is guarded as it likely depends on the medical course.

Mr. Hairell is able to comprehend moderately complex instructions, although possibly not consistently. He is able to recall simple instructions after a short delay, but likely not consistently. He is able to interact properly with others in a variety of situations and environments.

(D.E. 12-13, Pages 3-8).

The ALJ gave "some weight" to Dr. Frensley's opinion determining Plaintiff "is able to perform simple, routine and repetitive tasks, but not at a production rate pace (e.g. assembly line work), and perform some work-related decisions." (D.E. 12-3, Pages 26-27).

The ALJ also gave great weight to the opinions of two non-examining state agency medical consultants: Dr. Robin Rosenstock who issued an opinion on June 25, 2015 and Dr. Dorothy Leong who issued an opinion on September 8, 2016. (D.E. 12-3, Page 27 and D.E. 12-4, Pages 10-11 and 26-28). As to Plaintiff's physical RFC, both opined Plaintiff could perform a modified range of light work after reviewing the record. Specifically, they determined Plaintiff could occasionally lift 20 pounds; frequently lift ten pounds; stand and/or walk about six hours in an eight hour workday; sit with normal

breaks for six hours in an eight hour workday; and had no push or pull, postural, manipulative, visual, communicative or environmental limitations. (D.E. 12-4, Pages 10-11 and 26-28). Dr. Leong further opined Plaintiff could frequently climb ramps or stairs; occasionally climb ladders, ropes and scaffolds; and kneel, crouch and crawl frequently. (D.E. 12-4, Pages 26-27).

## VI. ANALYSIS

Plaintiff raises two arguments asserting Plaintiff's mental and physical RFCs are not supported by substantial evidence: (1) the ALJ improperly weighed the January 2016 opinion of Dr. Frensley by failing to evaluate the opinion in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and (2) the ALJ improperly gave great weight to the opinions of Drs. Rosenstock and Leong whose opinions were "stale" because they were rendered in June 25, 2015 and September 8, 2016, well before the ALJ issued her May 1, 2019 decision. For the reasons stated below, the undersigned recommends Plaintiff's arguments are without merit.[3]

An individual claiming disability has the burden of proving disability and must prove the inability to engage in any substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (citation omitted). "The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [disability] that she was precluded from engaging in any substantial

---

[3]Reviewing Plaintiff's alleged grounds of error, the undersigned declines to summarize Plaintiff's extensive medical records in this M & R. The undersigned spent considerable time reviewing the entire record, including the ALJ's summary of Plaintiff's medical history in her decision as well as Plaintiff's summary in the supporting memorandum.

gainful activity." *Id*. (citations omitted). Further, it is the task of the ALJ, not this Court, to weigh the evidence. *Hames*, 707 F.2d at 166; *Holmes v. Colvin*, 555 F. App'x 420, 421 (5th Cir. 2014) (citing *Bowling*, 36 F.3d at 434). "It is not the place of this Court to reweigh the evidence, or try the issue de novo, or substitute its judgment…[i]f supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." *Id*.

An RFC is an assessment, based on all relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite impairments. 20 C.F.R. § 404.1545(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) ("RFC involves both exertional and non-exertional factors.") RFC refers to the most a claimant is able to do despite physical and mental limitations. 20 C.F.R. § 404.1545(a). The ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. The ALJ is not required to incorporate limitations in the RFC that are not supported in the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.") (citation omitted). Here, the ALJ thoroughly summarized and analyzed Plaintiff's conditions, including any subjective complaints and the objective medical evidence, finding Plaintiff had multiple severe impairments but no impairment or combination of impairments that met or medically equaled the severity of a listed impairment. After finding Plaintiff was incapable of performing his past relevant

work, the ALJ determined Plaintiff had the RFC to perform a modified range of light work, taking into account Plaintiff's physical and mental impairments.

The entire premise of Plaintiff's first argument is that Dr. Frensley opined "Plaintiff would have difficulty consistently comprehending moderately complex instructions, and difficulty consistently recalling simple instructions after a short delay." (D.E. 17, Page 14). However, this misstates Dr. Frensley's opinion as she did not definitively state Plaintiff would have difficulty. (D.E. 12-13, Pages 3-8). Rather, Dr. Frensley opined Plaintiff is "able to comprehend moderately complex instructions, *although possibly not consistently*" and "is able to recall simple instructions after a short delay*, but likely not consistently*." (D.E. 12-13, Page 6) (emphasis added). While Dr. Frensley noted Plaintiff had several risk factors for a neurocognitive disorder such as hepatic encephalopathy, a history of strokes and seizures and a history of alcohol and drug abuse, she determined "[t]he extent of cognitive impairment is not known as no standardized tests were administered [and therefore a] [p]rognosis is guarded as it likely depends on the medical course." (D.E. 12-13, Page 6).

Reviewing Dr. Frensley's own observations, she noted Plaintiff's "[t]houghts were often somewhat disorganized…[and] he had difficulty staying focused" during the examination. (D.E. 12-13, Page 5). She further noted Plaintiff "appeared severely depressed and anxious" and that he was "at all times polite and cooperative," maintaining good eye contact. (D.E. 12-13, Page 5). She observed there was no evidence of a thought disorder or hallucinations or delusions. (D.E. 12-13, Page 5). Dr. Frensley also found Plaintiff was oriented to person, place, time and situation and his remote memory

9 / 18

was unimpaired. (D.E. 12-13, Pages 5-6). She further noted Plaintiff's short-term memory, attention and concentration were average and his insight was good. (D.E. 12-13, Page 6). Dr. Frensley also found that his abstract reasoning was intact as was his social judgment and he was capable of managing his own benefit payments. (D.E. 12-13, Pages 6 and 8). She noted that while Plaintiff reported "cognitive symptoms of concern…none were blatantly obvious on the current mental status screen." (D.E. 12-13, Page 6). Therefore, the ALJ was not incorrect that Dr. Frensley's "consultative mental status examination was mostly normal." (D.E. 12-3, Page 26). Additionally, as to Plaintiff's depression, the ALJ correctly noted Plaintiff testified his depression is helped by medication and he was not being treated by a psychiatrist or psychologist. (D.E. 12-3, Pages 25-26 and 62-63); *James v. Bowen*, 793 F.2d 702 (5th Cir. 1986) (citation omitted) (Impairments controlled by medication are not disabling).

Additionally, the ALJ did not disregard Dr. Frensley's opinion entirely, giving it "some weight" and determining Plaintiff "is able to perform simple, routine and repetitive tasks, but not at a production rate pace (e.g. assembly line work), and perform some work-related decisions." (D.E. 12-3, Pages 26-27). Plaintiff incorrectly argues the ALJ was required to consider and articulate an analysis of the *Newton* factors in her decision before discounting Dr. Frensley's opinion. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (An ALJ must perform a detailed analysis of the factors under 20 C.F.R. § 404.1527 before giving less than controlling weight to the treating physician's opinion);

20 C.F.R. § 404.1527; and 20 C.F.R. § 416.927.[4] Generally, the opinion of a treating physician who is familiar with the claimant's history should be given more weight in determining disability. *Id*.; *Newton*, 209 F.3d at 455. However, Dr. Frensley was a consultative examiner, not a treating professional. (D.E. 12-13, Page 7). Therefore, the ALJ was not required to perform a detailed analysis as argued by Plaintiff. The ALJ stated she considered the opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927. (D.E. 12-3, Page 18). Further, even if Dr. Frensley had treated Plaintiff, the ALJ gave some weight to Dr. Frensley's opinion. Only when rejecting a treating physician's opinion must the ALJ perform a detailed analysis of the treating physician's view under the criteria set forth above. *Manzano v. Berryhill*, No. 4:16-cv-3496, 2018 WL 1518558, at *10 (S.D. Tex. Mar. 28, 2018) (citing *Jones v. Astrue*, 821 F.Supp.2d 842, 852 (N.D. Tex. 2011) (An ALJ is not required to perform the six-step analysis discussed in *Newton* when the treating physician's opinion is not entirely rejected but is rather given less or little weight); *Newton*, 209 F.3d at 453.

In short, an ALJ may reject any opinion, in whole or in part, "when the evidence supports a contrary conclusion." *Martinez*, 64 F.3d at 176 (citation omitted). As a consulting examiner, Dr. Frensley's opinion is not "accorded the controlling weight given to treating physicians." *Hernandez v. Astrue*, 278 F. App'x 333, 338 (5th Cir. 2008). However, the ALJ considered those portions of Dr. Frensley's assessment supported by

---

[4]The factors under 20 C.F.R. § 404.1527(c) and §416.927(c) are: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.

her examination findings and consistent with the record as a whole. *Garcia v. Colvin*, 622 F. App'x 405, 409 (5th Cir. 2015) (An ALJ may place less weight, little weight, or even no weight on a report if statements are brief or conclusory, not support by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence). An ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan*, 38 F.3d at 237 (citation omitted). Here, the ALJ discussed the competing evidence in her decision, including the observations and findings of Dr. Frensley as well as two state agency psychological consultants who opined Plaintiff would have difficulty understanding, remembering and carrying out detailed instructions but could understand, remember and carry out short and simple instructions. (D.E. 12-4, Pages 11-12 and 28-29). They both further opined Plaintiff was only moderately limited in his ability to maintain attention and concentration for extended periods, to perform activity within a schedule, to maintain regular attendance, to interact appropriately with the public and to maintain socially appropriate behavior and was not significantly limited in his ability to sustain an ordinary routine without special supervision, to make simple work-related decisions, to ask simple questions or request assistance, to accept instructions, to respond appropriately to criticism from supervisors and to get along with co-workers. (D.E. 12-4, Page 12 and 29-30). In short, both state agency psychological consultants opined that Plaintiff "can understand, remember and carry out simple instructions, make decisions, concentrate for extended periods of time, get along with co-workers and adjust appropriately to changes in the work setting." (D.E. 12-4, Pages 13 and 30). Therefore, the undersigned

recommends Plaintiff's first argument is without merit as substantial evidence supports the weight the ALJ gave to Dr. Frensley's opinion and she was not required to set forth a more detailed analysis.

As to Plaintiff's physical impairments, Plaintiff asserts the ALJ improperly gave great weight to the opinions of Drs. Rosenstock and Leong whose opinions were "stale" because they were rendered in June 25, 2015 and September 8, 2016, well before the ALJ issued her May 1, 2019 decision. Plaintiff argues his ailments were deteriorating, focusing on his back conditions, citing to treatment records in late 2016 and 2017. (D.E. 17, Pages 22-24). In support, Plaintiff cites to the decision in *Villalon v. Berryhill*, 4:17-cv-2182, 2018 WL 3489614, at *3 (S.D. Tex. June 18, 2018), *report and recommendation adopted*, 4:17-cv-2182, 2018 WL 3474468 (S.D. Tex. July 18, 2018).

However, this case is readily distinguishable from *Villalon* where the ALJ and the state agency medical consultants failed to consider or give any weight to the findings of Villalon's treating physician because he was not licensed in the United States. *Villalon*, 2018 WL 3489614, at *2-3 (Plaintiff's treating physician's opinion was improperly disregarded when it should have been afforded controlling weight). Here, Plaintiff alleges disability beginning October 15, 2011. The ALJ considered and discussed Plaintiff's records from 2016 through 2019, subsequent to the state agency medical consultants opinions, including the opinions of Plaintiff's treating physicians and Plaintiff's hearing testimony, in addition to the records from 2011 through 2015. (D.E. 12-3, Pages 19-27).

Further, while opinions of the non-examining state agency consultants in *Villalon* were also found to be stale because they failed to consider critical objective testing conducted subsequent to their opinions, the additional post-surgery medical evidence indicated Villalon suffered from severe spinal defects and he would require physical therapy for 10 months to regain the strength to walk. *Id*. The same is not true in this instance. Unlike Villalon, substantial evidence supports the ALJ's conclusion that Plaintiff's conditions were clearly not as debilitating or deteriorating as Plaintiff alleged. In September 2016, Plaintiff was treated by Dr. Paul Geibel at the South Texas Spinal Clinic complaining of severe back and leg pain after he was lifting bags of feed on his ranch. (D.E. 12-29, Pages 6 and 9).[5] Subsequently, Dr. Geibel performed back surgery on December 29, 2016 after conservative treatment options, including injections, were unsuccessful. (D.E. 12-29, Pages 12-13). By February 13, 2017, Dr. Geibel noted Plaintiff was "doing well" and "has no pain, just some burning occasionally to his calf and mild back pain." (D.E. 12-29, Page 3). Dr. Geibel noted: "Overall, he feels quite improved." (D.E. 12-29, Page 3). Plaintiff was advised to increase his walking and core strengthening. (D.E. 12-29, Page 3). On March 3, 2017, less than three months post-surgery, Plaintiff was treated in the emergency room for injuries following an ATV

---

[5]Plaintiff testified at February 11, 2019 hearing that since he stopped working in 2011, he has lived on and supervised a 50-acre family ranch with six cows and a bull. (D.E. 12-3, Pages 50 and 53). He further testified that since 2011, he hired people to lift sacks of feed because they are too heavy at 50 pounds each and also hired temporary workers to assist as needed on the ranch. (D.E. 12-3, Pages 50-53). As Plaintiff injured himself lifting bags of feed in 2016, the ALJ noted the record was not consistent with his hearing testimony. (D.E. 12-3, Page 20). The ALJ further noted that Plaintiff "testified he left a sedentary job for a much more physically demanding job, working on a ranch," taking "over responsibilities on the family ranch around the same time he alleged he became disabled." (D.E. 12-3, Page 19).

accident where he was riding without a helmet, it rolled over and he hit his head multiple times. (D.E. 12-28, Pages 33-34 and D.E. 12-18, Page 49). Plaintiff was found to have no evidence of acute traumatic injury, had normal CTs of his spine and was released the same day. (D.E. 12-28, Page 39). An MRI of Plaintiff's lumbar spine on July 13, 2017 showed mild to moderate deficiencies. (D.E. 12-29, Pages 16-19). An MRI of Plaintiff cervical spine on August 21, 2017 showed mild deficiencies and moderate to advanced deficiencies at C5-C6. (D.E. 12-33, Pages 49-50). On September 8, 2018, an MRI of Plaintiff's cervical spine showed mild deficiencies and moderate deficiencies at C5-C6. (D.E. 12-30, Pages 50-51). CTs of Plaintiff's cervical, lumbar and thoracic spine in January 2019 showed no remarkable changes with mild deficiencies noted. (D.E. 12-35, Pages 38-41). In short, the undersigned finds the record does not support Plaintiff's argument that his ailments deteriorated to such an extent that the ALJ's reliance on the opinions of Drs. Rosenstock and Leong was improper, especially as the ALJ considered the entire record.

Reviewing the lengthy summary of Plaintiff's medical records in the ALJ's opinion, it is clear the ALJ considered Plaintiff's entire medical history, including the records cited by Plaintiff in his brief, before giving some weight to Dr. Frensley's opinion and great weight to the opinions of Drs. Rosenstock and Leong. Again, it is the task of the ALJ to weigh the evidence. *Hames*, 707 F.2d at 165. "It is not the place of this Court to reweigh the evidence, or try the issue de novo, or substitute its judgment…[i]f supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." *Id*. Upon review, the ALJ's determination of Plaintiff's RFC is based on

15 / 18

substantial evidence. The ALJ acted within her discretion in interpreting the evidence before her, including the opinions discussed above as well as the full record. Even though the record illustrates Plaintiff suffers from several severe impairments, substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not prevent him from performing light work with restrictions as identified in the RFC during the period at issue.

## VII. CONCLUSION

For the reasons discussed above, this Court finds the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal standards when making her findings. Accordingly, the undersigned **RECOMMENDS** the Commissioner's Motion for Summary Judgment be **GRANTED** (D.E. 19), the Commissioner's determination be **AFFIRMED**, Plaintiff's Motion for Summary Judgment be **DENIED** (D.E. 16) and this case be **DISMISSED with prejudice**.

Respectfully submitted this 17th day of February 2021.

                                            Jason B. Libby
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).